IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 27 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01014-BNB

JEFFREY SCOTT MEDINA,

    Plaintiff,

v.

COLORADO STATE PATROL - DAN THOMPSON #8421
COLORADO STATE PATROL - JASON LACEY #5092,
COLORADO STATE PATROL - ANDREW JACKSON #438,
COLORADO STATE PATROL - CORP. H. GRISCAVAGE #3289,
ADAMS COUNTY DETENTION FACILITY MEDICAL STAFF (Intake Nurse, JIM FRONCEK), and
ATTORNEY DOUGLAS L. ROMERO, ESQ., #35464,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jeffrey Scott Medina, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facililty in Sterling, Colorado. Mr. Medina initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He asks for money damages and injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Medina is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Medina

will be ordered to file an amended complaint.

The Court has reviewed the complaint filed by Mr. Medina and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Medina alleges that on April 19, 2009, he was subjected to excessive force by Colorado State Patrol (CSP) troopers Dan Thompson, Jason Lacey, and Andrew Jackson, and that CSP trooper H. Griscavage told his fellow CSP troopers he wanted "tapes pulled and sent to Lotus Notes." Complaint at 10. He further alleges on April 20, 2009, the intake nursing staff at the Adams County Detention Facility refused to provide him with medical treatment. Finally, he contends Douglas L. Romero, a private attorney

apparently appointed to represent him in his criminal proceedings, withheld four compact discs that were part of the discovery obtained by his law office. On the basis of these allegations of excessive force, a delay in obtaining medical treatment, and the withholding of discovery information, Mr. Medina asserts nine claims with disjointed and repetitive assertions. The allegations easily could (and should) have been consolidated into three claims

Mr. Medina fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Therefore, Mr. Medina will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Medina must present his claims in a short, concise, and manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). To state a claim in federal court, the amended "complaint must explain what each defendant did to him . . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10thCir. 2007).

Mr. Medina must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Medina must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Medina may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Medina uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Jeffrey Scott Medina, file **within thirty days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Medina, together with a copy of this order, two copies of the Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Medina fails to comply with this order within

the time allowed, the complaint and the action will be dismissed without further notice

DATED May 27, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01014

Jeffrey Scott Medina
Prisoner No. 1501110
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 27, 2011.

                                         GREGORY C. LANGHAM, CLERK

                                     By: _____
                                                   Deputy Clerk